E-FILED
Tuesday, 21 October, 2025 03:55:52 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH WAGGONER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CARLE FOUNDATION,<br><br>Defendant. | Case No. 2:24-cv-02217-CSB-EIL<br><br>Judge Colin Stirling Bruce, presiding<br><br>Judge Eric I. Long, referral |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, The Carle Foundation ("Carle"), by and through its Counsel, provide the following Answer and Defenses to Plaintiff's Class Action Complaint (ECF No. 1) (hereinafter, "Complaint").

### GENERAL DENIAL

Except as otherwise expressly stated herein, Defendant denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's headings, subheadings, and preliminary statement. Defendant also denies any liability to Plaintiff or anyone else and further denies that Plaintiff incurred any harm or losses as a result of any allegations raised in the Complaint. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Defendant expressly reserves the right to seek to amend and/or supplement its Answer and Defenses as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

Incorporating the foregoing, Defendant states as follows to the specific allegations in the Complaint. The following numbered paragraphs correspond to the numbered paragraphs of the Complaint:

1. Denied. Defendant denies Plaintiff's characterization of this action as a class action and otherwise denies that Plaintiff or members of the putative class have any valid claims and denies that they are entitled to any of the relief requested or to any relief whatsoever. Any remaining allegations in Paragraph 1 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

2. Denied. The allegations in Paragraph 2 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

3. Denied. The allegations in Paragraph 3 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

4. Denied. The allegations in Paragraph 4 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

5. Denied. The allegations in Paragraph 5 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

6. Denied. The allegations in Paragraph 6 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

## PARTIES

1. Denied as stated.[1] Defendant admits only that Plaintiff is a current employee of Defendant and, upon information and belief, resides in the Crawford County, Illinois. Any

---

[1] Defendant notes that Plaintiff's Complaint restarts its numbering at Paragraph 1 in the "Parties" section and Defendant's Answer follows Plaintiff's numbering scheme.

remaining allegations in Paragraph 1 are otherwise denied.

2.     Denied as stated. Defendant admits only that Plaintiff is a participant in the Plan. The remaining allegation in Paragraph 2 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegation contained therein.

3.     Denied as stated.  Carle is a not-for-profit organization that owns and operates Carle Health. By way of further response, Carle Health is a vertically integrated system based in Urbana, Illinois that is dedicated to being a trusted healthcare partner for the communities it serves. Carle is the sponsor of the Plan and has its headquarters in Urbana, Illinois. Any remaining allegations in Paragraph 3 are otherwise denied.

4.     Admitted in part; denied in part.  Defendant admits that the Plan is a document that speaks for itself and denies any allegations that attempt to characterize that document and/or are inconsistent with that document.

**JURISDICTION AND VENUE**

5.     Denied. The allegations in Paragraph 5 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

6.     Denied. The allegations in Paragraph 6 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

7.     Denied. The allegations in Paragraph 7 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

## FACTUAL BACKGROUND

8.      Denied. The allegations in Paragraph 8 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

9.      Denied. The allegations in Paragraph 9 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

10.      Denied as stated. Plan participants who use tobacco were charged $25 more per pay period for health insurance unless and until they stop using tobacco products or complete a tobacco-cessation program, which is available at no cost. Defendant further admits that employees who enroll in or change health insurance coverage are asked to check "yes" or "no" under "Tobacco User" on the enrollment form. Defendant admits that the Plan speaks for itself and denies any allegations that are inconsistent with that document. Any remaining allegations in Paragraph 10 are otherwise denied.

11.      Admitted in part; denied in part.  Defendant admits only that Plaintiff identified herself as a tobacco user and was charged $25 more per pay period for health insurance because she did not stop using tobacco products or complete a tobacco-cessation program. Any remaining allegations in Paragraph 11 are otherwise denied.

12.      Denied. The allegations in Paragraph 12 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

13.      Denied. The allegations in Paragraph 13 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

14.　　　Denied. The allegations in Paragraph 14 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

15.　　　Denied. The allegations in Paragraph 15 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

16.　　　Denied. Defendant denies the allegations of Paragraph 16.

17.　　　Denied. Defendant denies the allegations of Paragraph 17.

18.　　　Denied. Defendant denies the allegations of Paragraph 18.

19.　　　Denied. The allegations in Paragraph 19 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

20.　　　Denied. The allegations in Paragraph 20 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

21.　　　Denied. The allegations in Paragraph 21 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

22.　　　Denied. The allegations in Paragraph 22 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its September 16, 2025, Order (ECF No. 27).

23.     Denied. The allegations in Paragraph 23 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its September 16, 2025, Order (ECF No. 27).

24.     Denied. The allegations in Paragraph 24 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its September 16, 2025, Order (ECF No. 27).

25.     Denied. The allegations in Paragraph 25 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its September 16, 2025, Order (ECF No. 27).

26.     Denied. The allegations in Paragraph 26 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its September 16, 2025, Order (ECF No. 27).

## CLASS DEFINITION AND ALLEGATIONS

27.     Denied. Defendant denies Plaintiff's characterization of this action as a class action and otherwise denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining

allegations in Paragraph 27 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

28.     Denied. Defendant denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining allegations in Paragraph 28 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

29.     Denied. Defendant denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining allegations in Paragraph 29 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

30.     Denied. Defendant denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining allegations in Paragraph 30 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

31.     Denied. The allegations in Paragraph 31 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

32.     Denied. The allegations in Paragraph 32 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

33.     Denied. The allegations in Paragraph 33, including subparts a. through g., set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

34.    Denied. The allegations in Paragraph 34 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

35.    Denied. The allegations in Paragraph 35 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

36.    Denied. The allegations in Paragraph 36 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

37.    Denied. The allegations in Paragraph 37 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

## CAUSES OF ACTION
### COUNT I

38.    Defendant incorporates by reference the preceding answers contained in Paragraphs 1-37 as if fully set forth herein.

39.    Denied. Defendant denies the allegations of Paragraph 39.

40.    Denied. The allegations in Paragraph 40 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

41.    Denied. The allegations in Paragraph 41 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

42.     Denied. The allegations in Paragraph 42 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

43.     Denied. Defendant denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining allegations in Paragraph 43 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

## **COUNT II**

44.     Defendant incorporates by reference the preceding answers contained in Paragraphs 1-43 as if fully set forth herein.

45.      Denied. Defendant denies the allegations of Paragraph 45. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

46.     Denied. The allegations in Paragraph 46 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

47.     Denied. Defendant denies the allegations of Paragraph 47. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

48.     Denied. The allegations in Paragraph 48 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count

II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

49.     Denied. Defendant denies the allegations of Paragraph 49. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

50.     Denied. Defendant denies the allegations of Paragraph 50. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

51.     Denied. The allegations in Paragraph 51 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

52.     Denied. Defendant denies the allegations of Paragraph 52. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

53.     Denied. Defendant denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining allegations in Paragraph 53 of the Complaint assert legal conclusions to which no response is required and are therefore denied. By way of further response, Defendant states that the allegations relate to Count II of the Complaint, which was dismissed by the Court in its Order dated September 16, 2025 (ECF No. 27).

## COUNT III

54.    Defendant incorporates by reference the preceding answers contained in Paragraphs 1-53 as if fully set forth herein.

55.    Denied. The allegations in Paragraph 55 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

56.    Denied as stated.  Defendant was the administrator of the Plan. The remaining allegations in Paragraph 56 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

57.    Denied. Defendant denies the allegations of Paragraph 57.

58.    Denied. The allegations in Paragraph 58 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

59.    Denied. The allegations in Paragraph 59 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

60.    Denied. The allegations in Paragraph 60 set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

61.    Denied. Defendant denies that Plaintiff or members of the putative class have any valid claims and deny that they are entitled to any of the relief requested or to any relief whatsoever. The remaining allegations in Paragraph 61 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

## PRAYER FOR RELIEF

Answering the "PRAYER FOR RELIEF," Defendant denies that Plaintiff has asserted any viable claims, deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever, and deny that this case can be certified as a class action.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby repeats, re-alleges, and incorporates herein by reference its responses in paragraphs 1 through 61 of the Answer and pleads its affirmative and other defenses, without assuming the burden of proof when the law places that burden upon Plaintiff, and without prejudice to its Answer, and reserves the right to amend or add additional affirmative or other defenses upon further investigation and discovery, as follows:

## FIRST DEFENSE

The Class Action Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Plaintiff lacks standing to bring this claim because she has failed to stop using tobacco products or complete a tobacco-cessation program, and otherwise suffered no harm or damages stemming from any act or omission of Defendant.

## THIRD DEFENSE

Plaintiff's claims, as well as those of the putative class, are barred, in whole or in part, because Defendant's actions, to the extent any of them are found to be fiduciary actions, complied with the requirements of ERISA as well as business norms and standards.

## FOURTH DEFENSE

Plaintiff's claims, as well as those of the putative class may be barred by waiver, collateral estoppel and/or judicial estoppel.

## FIFTH DEFENSE

Plaintiff's claims, as well as those of the putative class, are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## SIXTH DEFENSE

Plaintiff is not a proper representative of the proposed class within the meaning of Fed. R. Civ. P. 23.

## SEVENTH DEFENSE

The alleged class members are not so numerous that joinder is impractical within the meaning of Fed. R. Civ. P. 23.

## EIGHTH DEFENSE

There are not common questions of law or fact to the proposed class claims within the meaning of Fed. R. Civ. P. 23.

## NINTH DEFENSE

Plaintiff has not identified an appropriate class on behalf of whom she purports to bring claims on a class-wide basis within the meaning of Fed. R. Civ. P. 23.

## TENTH DEFENSE

Plaintiff has not identified others with whom she is similarly situated for purposes of stating a class action claim within the meaning of Fed. R. Civ. P. 23.

## ELEVENTH DEFENSE

The allegations underlying Plaintiff's claims are too individualized to allow for class treatment within the meaning of Fed. R. Civ. P. 23.

## TWELFTH DEFENSE

Plaintiff's individualized questions of law and fact predominate over questions of law and fact common to any class claims within the meaning of Fed. R. Civ. P. 23.

## THIRTEENTH DEFENSE

Plaintiff's claims and damages are not typical of those of the putative class members.

## FOURTEENTH DEFENSE

Plaintiff's claims are not suitable for a class action because the representative parties will not fairly and/or adequately protect the interests of the proposed class within the meaning of Fed. R. Civ. P. 23.

## FIFTEENTH DEFENSE

Defendant did not violate any duty to, or right of, Plaintiff or any proposed class member.

## SIXTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part for failure to adequately exhaust her administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that the Court:

      a.  dismiss with prejudice the Complaint filed by Plaintiff;

      b.  enter judgement in favor of Defendant on all claims;

      c.  award Defendant its legal fees, costs and expenses incurred in defending against Plaintiff's Complaint; and

    d.  grant the Defendant such other and further relief as the Court deems just and proper.

Dated:  October 21, 2025                      **POLSINELLI PC**

                                        */s/ Scott M. Gilbert*
Scott M. Gilbert
Nipun Patel
Cory Thomas

150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
312.463.6375
sgilbert@polsinelli.com
npatel@polsinelli.com
cthomas@polsinelli.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 21, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the Central District of Illinois using the Case Management/Electronic Case Filing System, which will provide notice to all current registered counsel of record.

*/s/  Scott M. Gilbert*